UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Carolyn E. Reed-Smith, | ) | Civil Action No. 7:11-00970-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Spartanburg County School District | ) | |
| Seven, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court by way of a motion filed by Plaintiff Carolyn E. Reed-Smith ("Plaintiff") to partially reconsider an order of the court. (ECF No. 91.) In the order filed on March 20, 2013 (the "March Order"), the court granted a motion by Defendant Spartanburg County School District Seven ("Defendant") for attorney's fees and tentatively awarded Defendant $10,080.00 in fees. (ECF No. 88 at 9.) The court further ordered Plaintiff to provide information regarding her monthly income and employment status from January 2012 through March 2013 to assess the burden caused by having a $10,080.00 judgment against her and to aid in the final determination of the amount of attorney's fees she would owe to Defendant. (Id. at 9-10.)

In her motion, Plaintiff requests that the court "[f]ind that her poor financial situation precludes an assessment of fees and costs against her; and [][i]ssue a rule to show cause as to why appropriate fees and costs should not be taxed to her counsel, Theo Mitchell, instead." (ECF No. 91 at 4.) In response to Plaintiff's motion, Defendant opposes any reduction of the attorney's fees award below $10,080.00 and further requests that the court increase the award to $15,942.50. (ECF No. 92.) For the reasons stated below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to reconsider.

## I.     RELEVANT BACKGROUND TO PENDING MOTION[1]

On April 25, 2011, Plaintiff filed a pro se complaint alleging claims for race discrimination and retaliation. (ECF No. 1.) On June 15, 2011, Attorney Theo W. Mitchell ("Mitchell") entered his appearance on Plaintiff's behalf. (ECF No. 20.) With a grant of leave from the court, Plaintiff filed an amended complaint on July 26, 2011, specifically alleging a single cause of action for the following:

> Violation of U.S. Civil Rights Act of 1866 and 1877, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 1981 and 1983, 42 USC 2000e-2 and 2000e-5(b), 29 U.S.C. 211 and 29 U.S.C. 626, 42 U.S.C. 12117, First and Fourth Amendments to the United States Constitution, 2 U.S.C. Sec. 1311, 3 USC 411a2, 5 USC 552a – all of which violates protection for teachers in South Carolina as outlined in South Carolina Code of Laws Title 59 Chapter 25 Sections 59-25-430, 59-25-440, 59-25-450.

(ECF No. 34 at 8.)

On November 28, 2011, Defendant moved for summary judgment. (ECF No. 40.) Plaintiff filed opposition to the motion for summary judgment on January 3, 2012, to which Defendant filed a reply in support of its motion for summary judgment on January 13, 2012. (ECF Nos. 49, 52.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the magistrate judge issued a report and recommendation on April 5, 2012, recommending that Defendant's motion for summary judgment be granted. (ECF No. 62.) Plaintiff filed objections to the report and recommendation on April 22, 2012, to which Defendant filed a reply in support of the magistrate judge's recommendation on May 11, 2012. (ECF Nos. 65, 67.) On May 31, 2012, the court granted Defendant summary judgment on Plaintiff's claims in accordance with the magistrate judge's recommendation. (ECF No. 68.)

On June 14, 2012, Defendant moved for attorney's fees. (ECF No. 71.) On June 26,

---

[1] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (ECF No. 88.)

2012, Plaintiff filed pro se opposition to Defendant's motion for attorney's fees. (ECF No. 72.) She then filed a pro se notice to appeal the court's May 31, 2012 order to the Court of Appeals for the Fourth Circuit. (ECF No. 73.) On November 29, 2012, the Fourth Circuit affirmed the court's May 31, 2012 order adopting the magistrate judge's Report and Recommendation. (ECF No. 79.) The Fourth Circuit found that Plaintiff had waived her right to appellate review because she failed to file specific written objections to the Report and Recommendation. (Id. at 2-3.) The Fourth Circuit issued its formal mandate on January 23, 2013 giving effect to its decision to affirm this court. (ECF No. 81.)

Thereafter, the court issued the March Order on March 20, 2013, which order (1) found that the frivolous and groundless nature of Plaintiff's claims became evident during the summary judgment phase of the litigation, (2) granted Defendant's motion for attorney's fees tentatively in the amount of $10,080.00, and (3) required Plaintiff to provide information within thirty (30) days regarding her monthly income and employment status from January 2012 through March 2013. (ECF No. 88.) On March 29, 2013, Plaintiff filed the pending motion for partial reconsideration of the March Order arguing that (1) a judgment against Plaintiff for $10,080.00 in attorney's fees and for costs of $875.60 "would pose an extreme financial burden on [her]"; and (2) the court should make Mitchell respond to an inquiry as to why he should not be partially liable under Fed. R. Civ. P. 11 for Defendant's attorney's fee award.[2] (ECF No. 91 at 2-3.) On April 15, 2013, Defendant filed a response to Plaintiff's motion for partial reconsideration opposing any reduction of the attorney's fees award below $10,080.00 and requesting that the court increase the award to $15,942,50. (ECF No. 92 at 5.) In a reply to Defendant's response filed on April 24, 2013, Plaintiff reiterated that "any award of fees and costs against [][her]

---

[2] Plaintiff retained Attorney Howard W. Anderson, III, to prepare a response to the March Order. (ECF No. 91 at 1-2.)

3

would be excessive because she lacks the ability to pay" and Mitchell should bear some part of the attorney's fee judgment because of his actions. (ECF No. 93 at 2.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Rule 59(e) Motions and the Parties' Arguments

Fed. R. Civ. P. 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

Plaintiff moves the court for partial reconsideration of the March Order that finds her solely responsible for Defendant's attorney's fees.[3] Specifically, Plaintiff asks that the court hold Mitchell partially liable for Defendant's attorney's fees pursuant to Fed. R. Civ. P. 11. In support of her request, Plaintiff identified several instances where Mitchell's allegedly deficient representation caused the court to find her claims frivolous and groundless. These instances include Mitchell (1) filing an amended complaint without allowing Plaintiff to review and/or approve it and which included a claim for sex discrimination that Plaintiff did not have proper

---

[3] Plaintiff acknowledges that Defendant is entitled to some amount of attorney's fees. (ECF No. 91 at 2 ("Ms. Reed-Smith recognizes the potential injustice associated with requiring the Defendants to bear the complete expense of litigation after the Court found it had become frivolous.").)

4

authorization from the U.S. Equal Employment Opportunity Commission to bring, (2) misrepresenting to the court that he had failed to receive Defendant's requests for admissions, (3) failing to respond to Defendant's requests for admissions when Plaintiff had provided responses to them, (4) failing to advise Plaintiff regarding the motion for summary judgment or the response in opposition to it, (5) presenting frivolous and groundless arguments in response to Defendant's motion for summary judgment, (6) failing to advise Plaintiff that an adverse report and recommendation had been issued by the magistrate judge, (7) filing frivolous objections to the report and recommendation without consulting with Plaintiff beforehand, and (8) charging her $5,000.00 for his services.  (See, e.g., ECF No. 91-1.)

In response to Plaintiff's motion, Defendant argued that "this Court should not further reduce its award of attorneys' fees below Ten Thousand Eighty Dollars ($10,080), that the Court should increase the award and that the determination of whether Plaintiff or her previous attorney is responsible for reimbursing the School District should be left to the discretion of the Court." (ECF No. 92 at 1-2.)

B.     The Court's Review

In her motion to reconsider, Plaintiff relies on assertions about Mitchell's representation as her counsel that cannot be labeled as an intervening change in controlling law or a reference to new evidence previously unavailable.  In this regard, the court construes Plaintiff's motion as seeking reconsideration on the basis that it would be a manifest injustice if she alone was held monetarily responsible for the entire amount of Defendant's attorney's fees.  Moreover, Plaintiff contends that Fed. R. Civ. P. 11 allows the court to avoid the imposition of the aforesaid manifest injustice.

Rule 11 makes the following provision for imposition of sanctions against an attorney:

5

> (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information . . . (c) SANCTIONS. (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . (3) *On the Court's Initiative*. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

Fed. R. Civ. P. 11.

In the March Order, the court observed that the frivolous and groundless nature of Plaintiff's claims became evident during the summary judgment phase and continued in her objections to the Report and Recommendation. (See ECF No. 88 at 5-6 ("First, much of Reed-Smith's motion mirrors the School District's summary judgment motion; it uses strikingly similar language but merely reverses the affirmative and negative assertions made by the School District so that the proposition stated would support her position."); see also ECF No. 88 at 7 ("[T]his court determined that Reed-Smith's objections merely restated arguments made in her Motion in Opposition to Summary Judgment and only set forth negative, conclusory assertions to the School District's arguments.").) These documents that directly attributed to the awarding of attorney's fees against Plaintiff were signed by Mitchell and Plaintiff has moved the court to assign some measure of blame to Mitchell pursuant to Fed. R. Civ. P. 11. Compare with Blackwell v. Bd. of Offender Rehab., State of Ga., 609 F. Supp. 772, 776 (S.D. Ga. 1985) ("The

Court is of the opinion that [Plaintiff's Attorney] Roberson violated Rule 11 when he affixed his signature to the motion for attorney fees and to the subsequent briefs . . . The arguments made in the subsequent briefs had no basis in existing law, nor in any reasonable view of the direction which the law should take."); Taylor v. Belger Cartage Serv., Inc., 102 F.R.D. 172, 182-83 (W.D. Mo. 1984) ("However, in order to assess part of the damage against [Plaintiff] Taylor in this case, he must have done something more than just hire his attorney; he must have acted in bad faith in bringing or pursuing this case . . . In short, there is no basis for concluding that plaintiff did anything other than rely in good faith on his attorney to furnish sound legal advice. Therefore, no part of the attorney's fee award will be apportioned to the plaintiff personally.").

Therefore, upon consideration of Plaintiff's motion, the court is persuaded that Mitchell should show cause as to why his conduct in this litigation does not create liability to him for Defendant's attorney's fees pursuant to Fed. R. Civ. P. 11.

### III.     CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** the motion for partial reconsideration of Plaintiff Carolyn E. Reed-Smith. (ECF No. 91.) Attorney Theo Mitchell is directed to inform the court within fourteen (14) days of the date of filing of this order why he should not be liable for part or all of Defendant's attorney's fees based on Plaintiff's assertions regarding his representation of her. Attorney Theo Mitchell is further advised that failure to comply with this order may result in the imposition against him of some portion of Defendant's attorney's fees.

7

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 7, 2014
Greenville, South Carolina