**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Carolyn E. Reed-Smith,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | Civil Action No.: 7:11-cv-00970-JMC |
| 　　　　　　　　　　Plaintiff,　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | **ORDER AND OPINION** |
| Spartanburg County School District　　) | |
| Seven,　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　Defendant.　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |

　　　This matter is before the court by way of pro se motions filed by Plaintiff Carolyn E. Reed-Smith ("Plaintiff"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) motions"), seeking relief from an Order of the court filed on May 31, 2012 (the "May Order"). (ECF Nos. 107, 138.) In the May Order, the court granted a Motion for Summary Judgment by Defendant Spartanburg County School District Seven ("Defendant"). (ECF No. 68.) For the reasons stated below, the court **DENIES** Plaintiff's Rule 60(b) motions.

## I.　　RELEVANT BACKGROUND TO PENDING MOTION[1]

　　　On November 28, 2011, Defendant filed a Motion for Summary Judgment, asserting that Plaintiff cannot satisfy her burden of proving that Defendant intentionally discriminated against her. (ECF No. 40-1 at 13.) Plaintiff filed a response to Defendant's Motion for Summary Judgment on January 3, 2012. (ECF No. 49.) Defendant filed a reply to Plaintiff's response on January 13, 2012. (ECF No. 52.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald. (ECF No. 40.) On April 5, 2012, the Magistrate Judge issued a Report and Recommendation in which he

---

[1] The May Order contains a thorough recitation of the relevant factual and procedural background of this matter and is incorporated herein by reference.

recommended that the court grant Defendant's Fed. R. Civ. P. 56 Motion for Summary Judgment. (ECF No. 62 at 17.) On April 22, 2012, Plaintiff filed objections to the Report and Recommendation, asking the court to reject the Magistrate Judge's recommendation. (ECF No. 65.) Thereafter, the court issued the May Order, accepting the Magistrate Judge's recommendation and granting Defendant's Motion for Summary Judgment. (ECF No. 68.)

On July 15, 2014, Plaintiff filed her first Rule 60(b) motion, asserting that subsections (1) and (3) afford her relief from the May Order. (ECF No. 107.) Defendant filed opposition to Plaintiff's first motion on August 1, 2014. (ECF No. 108.) Plaintiff filed a reply in response to Defendant's opposition on August 11, 2014, reiterating the facts from her first motion. (ECF No. 109.)

On December 29, 2014, Plaintiff filed her second Rule 60(b) motion, asserting that subsections (1) and (3) afford her relief from the May Order.[2] (ECF No. 138.) Defendant filed opposition to Plaintiff's second motion on January 15, 2015. (ECF No. 149.)

## II.    LEGAL STANDARD

A.    <u>Rule 60 Motion for Relief from a Judgment or Order</u>

Fed. R. Civ. P. 60(b) allows a party to obtain relief from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

---

[2] Plaintiff's December 29, 2014 motion, although titled as a Motion to Appeal, requests that the court grant her relief under Fed. R. Civ. P. 60(b).

application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also United States v. Winestock*, 340 F.3d 200, 203-4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Rule 60(b) does not provide relief from a final judgment "[w]here the motion is nothing more than a request that the district court change its mind." *Id.* at 313. Furthermore, Fed. R. Civ. P. 60(c)(1) requires "[a] motion under Rule 60(b) [to] be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

    *1.     Fed. R. Civ. P. 60(b)(1)*

Under Fed. R. Civ. P. 60(b)(1), a district court can relieve a party from an adverse judgment resulting from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Fed. R. Civ. P. 60(b)(1) motion will be granted if: (1) the moving party has a meritorious defense to the judgment; and (2) "that arguably one of the four conditions for relief applies–mistake, inadvertence, surprise or excusable neglect." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

    *2.     Fed. R. Civ. P. 60(b)(3)*

Under Fed. R. Civ. P. 60(b)(3), a district court can relieve a party from an adverse judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). A Fed. R. Civ. P. 60(b)(3) motion will be granted if: (1) the moving party has a meritorious defense; (2) the misconduct is proved by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. *Columbia Commc'n Corp. v. Echostar Satellite Corp.*, 2 F. App'x 360, 366 (4th Cir. 2001) (citing *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994)). In this

regard, Fed. R. Civ. P. 60(b)(3) provides the court with an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz*, 24 F.3d at 630.

B.     Liberal Construction of Pro Se Pleadings

Plaintiff filed the instant motions pro se, which requires the court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts sufficient to establish a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.    ANALYSIS

A.     The Arguments of the Parties

In her Rule 60(b) motions, Plaintiff asserts that the court issued summary judgment against her because of one if not all of the following: (1) the negligence of her attorney (ECF Nos. 107 at 31 & 138 at 3); (2) fraudulent misconduct by Defendant (ECF Nos. 107 & 138 at 7); and (3) collusion between Defendant's counsel and her attorney (ECF No. 138 at 10). Specifically, Plaintiff argues that the negligence of her attorney in failing to respond to Defendant's Requests for Admission, which rendered the statements admitted, prevented the court from reviewing "the true facts." (ECF No. 107 at 14.) Plaintiff further complains that Defendant strategically submitted certain documents and withheld other documents in an endeavor to commit fraud upon the court. (*Id.* at 15-17.) Accordingly, because these instances of

misconduct by her attorney and Defendant resulted in the court granting Defendant's motion for summary judgment, Plaintiff argues that the court should vacate the May Order pursuant to Fed. R. Civ. P. 60(b)(1) and (3). (ECF Nos. 107 at 14 & 138 at 10.)

Defendant opposes Plaintiff's Rule 60(b) motions asserting that Plaintiff's motions fail to state sufficient grounds for relief under Fed. R. Civ. P. 60(b)(1) or (3).[3] (ECF Nos. 108 at 7 & 149 at 1–2.) Defendant further argues that Plaintiff's second motion "appears to reiterate the requests for relief contained in her [first motion]." (ECF No. 149 at 1.) Describing Plaintiff's allegations as groundless, Defendant asserts that Plaintiff has failed to present any evidence of collusion or misconduct. (*Id.* at 2.)

B.     The Court's Review

Plaintiff seeks relief under Fed. R. Civ. P. 60(b) on the basis that her previous attorney was negligent and Defendant's defense of her Title VII claims was fraudulent. Upon review of Plaintiff's Rule 60(b) arguments, the court finds that the grounds stated, without more, are insufficient to warrant granting her relief from the May order under subsection (1) or (3) of Fed. R. Civ. P. 60(b). With regard to Plaintiff's claim under subsection (1), "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under 60(b)." *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). Accordingly, Plaintiff's assertion that she is entitled to relief due to the negligence of her previous attorney is insufficient under subsection (1).

Plaintiff's claim for relief under subsection (3) is equally without force. In order to state a claim for relief under Fed. R. Civ. P. 60(b)(3), Plaintiff must prove the alleged misconduct of

---

[3] Defendant further asserts that Plaintiff failed to timely file her Rule 60(b) motions pursuant to Fed. R. Civ. P. 60(c)(1). (ECF 108 at 2.)

Defendant by clear and convincing evidence. In her Rule 60(b) motions, Plaintiff reiterates the same set of facts presented to the court at the time it issued the May Order. Without a sufficient showing of the alleged misconduct, Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(3), which does not permit a court to revisit judgments which the moving party merely believes were erroneous. *Schultz*, 24 F.3d at 630. Accordingly, Plaintiff's Rule 60(b) motions are without merit and should be denied.

### IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** with prejudice Plaintiff's Rule 60(b) motions seeking relief from the Summary Judgment Order entered in this matter on May 31, 2012. (ECF Nos. 107, 138.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 3, 2015
Columbia, South Carolina